OPINION OF THE COURT

Per Curiam.

Order entered January 10, 1978 (Whitman, J.) reversed, with $10 costs, motion granted, and complaint dismissed.
Plaintiff brought this action against defendant, a union local, to recover compensatory and punitive damages for defendant’s alleged tortious interference with a contractual relationship between plaintiff and a third-party employer. The employer, which was signatory to a collective bargaining agreement with the defendant, withdrew its offer of employment upon defendant’s objections that plaintiff had not achieved membership status in the union. Defendant’s motion to dismiss the complaint for lack of subject matter jurisdiction was denied at Special Term.
The National Labor Relations Board has primary jurisdiction to initially adjudicate activity which may "arguably” constitute an unfair labor practice, and State courts must defer to the exclusive competence of the Federal agency in those instances (San Diego Unions v Garmon, 359 US 236, 244-245). Pursuant to the National Labor Relations Act, a labor organization commits an unfair labor practice if it or its agents cause or attempt to cause an employer to encourage membership in any union by discrimination in regard to employment, or cause or attempt to cause an employer to discriminate against an employee with respect to whom membership in such union has been denied or terminated on some ground other than his failure to tender the appropriate dues required as a condition of acquiring or retaining membership (US Code, tit 29, § 158, subd [b], par [2]; § 158, subd [a], par [3]). In our view, defendant’s conduct herein, resulting in plaintiff’s inability to obtain employment was "arguably” violative of section 8 of the National Labor Relations Act (US Code, tit 29, § 158, subd [b], par [2]), and State court jurisdiction to remedy that conduct is pre-empted (Plumbers' Union v Borden, 373 US 690, 694; see, also, Dempsey v Great Atlantic & Pacific Tea Co., 11 AD2d 419, affd 13 NY2d 639). The fact that a State court may also be in a position to grant relief through an award of damages in an action at common law is *806 not controlling. "Even the States’ statutory effort to redress private wrongs or grant compensation for past harm cannot be exerted to regulate activities that are potentially subject to the exclusive federal regulatory scheme”. (San Diego Unions v Garmon, 359 US 236, 247, supra).
Concur: Dudley, P. J., Hughes and Tierney, JJ.